WARD *et al.* v. GUYER, appellant.

*Demurrer — complaint in action against married woman.*

The first part of a complaint alleged that defendant was a married woman, and the owner of a separate estate, and that plaintiffs sold property to her for which they claimed to recover. The second part, without referring to first, alleged for a further cause of a:tion that they sold and delivered property to defendant, etc., and a money judgment was demanded. There was no allegation in the complaint that plaintiff intended to charge, or that the debt was contracted for the benefit of her separate estate, or that it was contracted in a trade or business carried on by her. *Held,* that a general demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action would not lie.

APPEAL from an order of the Albany county court overruling a demurrer to the complaint. The action was for goods alleged to have been sold and delivered by the plaintiffs John C. Ward, John Ward and Marshall Williamson to the defendant Sarah A. Guyer. The material facts appear in the opinion.

*A. B. Pratt,* for appellant.

*Geo. L. Stedman,* for respondent.

MILLER, P. J. This is an appeal from the order of the county court of Albany county overruling a demurrer to the plaintiffs' complaint.

The first part of the complaint, and what may properly be considered as the first cause of action, alleges that the defendant is a married woman, and that the plaintiffs sold and delivered property to her for which they claim to recover. The second part, without referring to the first, alleges, for a further cause of action, that the plaintiffs were copartners, and sold and delivered property to the defendant, etc. A money judgment is demanded by the plaintiffs, and the defendant interposes a general demurrer upon the ground " that the complaint does not state facts sufficient to constitute a cause of action." The demurrer was overruled by the county court, and the defendant appealed from the order overruling the same.

The counsel for the defendant insists, that the complaint is defective because there is no allegation of an intent to charge the

Ward v. Guyer.

separate estate of the defendant, or that the debt was contracted in the trade or business carried on by the defendant, or that it was for the benefit of such separate estate or related thereto.

It is true that the first cause of action in the complaint alleges that the defendant was a married woman, and the owner of a separate property and estate, and it may, perhaps, be doubted whether, under the authorities cited, if the allegation made referred to both causes of action, the additional averment claimed to have been necessary should not have been made. But, without considering that question, I am inclined to think, upon an examination of the complaint, that the allegation referred to only relates to the first cause of action, and as the second is without such allegation it is sufficient, and as the demurrer was general it was properly overruled.

The second cause of action does not in any way refer to the first, except the statement that the plaintiffs were partners. It is stated as "a further cause of action," of the plaintiffs "as such copartners," without in any way connecting it with what had previously been averred as to the defendant being a married woman, and is entirely independent of and separated from the first cause of action in this respect. The recital in the first part of the complaint on that subject only relates to the first cause of action, and is in no way afterward stated so as to make and constitute a part of the second cause of action, so the second cause of action therefore stands alone without any regard to the preceding one, and is clearly sufficient.

For this reason the demurrer was properly overruled, and the order must be affirmed with $10 costs of appeal, with leave to the defendant to serve an amended answer within twenty days after service of a copy of the order herein, and upon payment of costs.

*Order affirmed.*